UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJUANA MILTON; et al<br><br>vs.<br><br>REGENCY PARK APARTMENTS, et al<br><br>Defendants. | CASE NO. 2:13-CV-01284-KJM-CKD<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS** |

Plaintiffs Tajuana Milton and her minor children bring this lawsuit against Defendants Regency Park Apartments, Jay Carmac Associates, Joseph A Camacho, Joseph A. Camacho as trustee of the JA-LL Camacho Family Trust dated November 1, 2001, Roy A Remedios, Beatrice Remedios, Roy A Remedios and Beatrice F. Remedios as trustees of the Remedios Family Trust dated December 7, 1997, Linda Catalli, Susan Arnoldi, Maria Hankins, and Philip Catalli. Plaintiffs and their counsel have requested information and documents from said Defendants which include private financial information and private and personal information of other people

who are not named parties in this action. In an effort to make the information available to Plaintiff and their counsel but maintain the confidential nature of this information, the parties have met and conferred and agreed to enter into this Protective Order governing the use and disclosure of the private information.

1. **Applicability**. This Order shall apply to all documents and deposition testimony that are disclosed in connection with discovery proceedings in this action, and any informal exchange of information among the parties, which are designated "Confidential Information" pursuant to this Order.

2. **Designation of Confidential Information**. A party may, in good faith, designate as "Confidential Information" in the manner described below information produced or disclosed by the party during discovery in this action. Such designation of information to be "Confidential" shall be used only for protection of private information regarding third parties and private information regarding the Defendants.

3. **Method of Designation**. Each page of any document produced or other such discovery materials that are to be designated as Confidential Information by the party shall be stamped or have conspicuously handwritten in ink: "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION." To the extent any information is provided in an electronic format, the disk or CD-ROM can be labeled as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION." Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition or by subsequently notifying opposing counsel that a party has designated certain testimony to contain Confidential Information. If notification is made at the deposition arrangements may be made with the court reporter taking and transcribing such proceeding to separately bind such portion of the transcript containing information designated as confidential, and to label such portions appropriately. Should the party inadvertently omit to

stamp any document or designate any portion of a deposition "Confidential," it will promptly notify the opposing counsel, who shall so mark any such documents and/or testimony and thereafter treat such as confidential pursuant to this agreement.

4. **Limited Use and Disclosure of Confidential Information.** All Confidential Information revealed in this lawsuit shall be used solely for the preparation, trial, and appeal of this case and shall not be used by any person (except by the producing party) for any other purpose, including, but not limited to, any business or competitive purpose, and shall not be used or disclosed in this action except as provided for in this Order or other court process or Court order. Subject to the limitations on usage set forth below, the parties agree that Confidential Information shall not be used, disclosed, or otherwise communicated to anyone, except:

a. To a party;

b. To counsel of record for a party and paralegals or other legal assistants employed by such counsel and reasonably necessary to assist counsel;

c. To the Court, the jury, and such other court personnel as must necessarily be presented with the Confidential Information in order to carry out their official functions in connection with this litigation; and

d. To Qualified Persons. "Qualified Persons" shall include:

  i. legitimate, independent (outside) experts or consultants (together with their clerical staff) whether ultimately retained or not by counsel to assist with the preparation for depositions, expert examination and/or preparation for any proceedings in this case, any related proceedings for which the Confidential Medical Information is relevant, and for trial of this action;

  ii. court reporter(s) employed in this action;

  iii. a potential witness at any deposition or other proceeding in this action who

reasonably needs to review the confidential materials; and

All persons to whom Confidential Information is disclosed shall be advised of this stipulated Order and shall agree to be bound by it.  Prior to receiving any Confidential Information, each Qualified Person shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Exhibit "A."

5.  **Additional Use and Disclosure of Confidential Information.**  If counsel for either party determines that the prosecution or defense of this action wherein the Confidential Information is relevant and requires that Confidential Information be disclosed to persons not otherwise authorized by this Order, counsel shall provide written notice via facsimile to opposing counsel of the intended disclosure (which notice shall specify with particularity the information to be disclosed and the name, title and employer of the otherwise unauthorized person) not less than seven (7) court days prior to disclosure, or such shorter period as is agreeable to counsel. If, within four (4) court days of receipt of such notice, counsel objects to such disclosure in a writing sent via facsimile to opposing counsel, the Confidential Information shall not be disclosed unless the Court so orders.

6.  **Court Filings.**  No items containing designated "Confidential" pursuant to this Protective Order shall be filed by any Party hereto unless under seal in compliance with Local Rule 141.

7.  **Use of Confidential Information at Trial.** Nothing in this Order shall govern the procedures at trial unless otherwise ordered by the Court.

8.  **Authorized Disclosures**.  Nothing herein shall prevent disclosure beyond the terms of this Order if Court orders such disclosure after reasonable notice and hearing.

9.  **No Waiver of Other Objections**.  Each party shall retain the right to oppose disclosure or production of any information sought in discovery on any additional grounds

outside the provisions of this Order. Entering into, agreeing to and/or complying with the terms of this Order shall not:

    a.    prejudice in any way the right of any party to object to the production of documents or information it considers not subject to discovery or to seek a Court determination whether any particular such designated document or information should be produced;

    b.    prejudice in any way the right of any party to apply to the Court to rescind or modify the terms of this Order or to move the Court for a further protective order;

    c.    prejudice in any way the right of any party to use, or object to the use of, any Confidential Information at any hearing or at trial;

    d.    affect the obligations of any party or person to comply with the terms of any compulsory process; or

    e.    be construed as a waiver by either party of any discovery objection, except those privacy right objections this Protective Order seeks to address as set forth in Provision 1 herein above.

10. **Applications for Relief or for Additional Protection.**   Upon application to this Court in writing, with notice to all counsel of record, any party may: (i) seek additional protection for any information and/or document; (ii) object to the applicability of this Order to any information, and/or document produced by a party and designated as Confidential Information; or (iii) seek a modification of, or other specific relief from, any provision of this Order. In the event that any party to this litigation disagrees at any stage of these proceedings with a "Confidential" designation or the designation of any person as a Qualified Person under Paragraph 4 above, the objecting party shall notify the designating party of such objection.  The parties shall first try to resolve such disputes in good faith on an informal basis. If the dispute cannot be resolved, the party designating the document or other information as "Confidential" shall then file an

5
**PROPOSED PROTECTIVE ORDER**
CASE NO. 2:13-CV-01284-KJM-CKD

appropriate motion with the Court within ten days of such notification of the objection. If the designating party files such a timely motion, the document shall be treated as "Confidential" pending the hearing and ruling on the motion. If the hearing date for such motion is too far in the future so as to impact pending discovery or other litigation matters, the either party may seek expedited relief.

11. **Responsibility for Unauthorized Use or Disclosure**. If counsel discloses Confidential Information to any Qualified Person under this Order, counsel shall have the duty to ensure that such person is given a copy of this Order prior to the release of the Confidential Information. If, however, Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts, except those facts subject to Attorney-Client and/or Attorney Work Product Doctrine Privilege, relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12. **Failure to Label Information as Confidential.** Given the limited nature of this Order and the ready identification of the protected information, the failure to label information as "Confidential" shall not be deemed a waiver of the privacy. The designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL".

13.     **No Waiver of Privilege.**  If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware, and shall immediately return the original and all such copies to the producing party. Nothing stated herein shall preclude a party from challenging an assertion by the other party of privilege or confidentiality.

14.     **Attorney-Client Privilege and Work Product Objections.**  Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15.     **Advice to Clients.**  Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon any information designated as Confidential Information.

16.     **Ultimate Disposition of Confidential Information.**   Within forty-five (45) days after the conclusion of this litigation whether by settlement, satisfaction of judgment, verdict, appeal, or otherwise, all Confidential Information produced by a party and all reproductions, evidentiary summaries, and extracts of same, excluding attorney work product, shall be destroyed by the receiving party. Thereafter, no confidential data or information gleaned or obtained from any such document or materials may be disclosed by anyone bound by this Order, including Plaintiff and Defendants or their agents and representatives, to any third party for any purpose whatsoever except as may otherwise be permitted hereunder.

17.     **Documents Produced by Third Parties Pursuant to Subpoena**.  In addition to the aforementioned provisions of this Order, which apply to documents produced by a party to this matter, the parties hereby agree that documents produced by any third party pursuant to a subpoena served on it by any party to this matter, may be designated "Confidential" under this Order and subject to its provisions only by written agreement or pursuant to further Order of the Court.

18.     **Survival.**   The terms of this Order shall survive the final termination of this action and shall be binding on the parties thereafter to the extent that, except as a direct result of this litigation, the information contained in the Confidential Information produced is not or does not become disclosed to those not authorized by statute to receive the Confidential Information, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

IT IS SO STIPULATED.

DATED:  May 20, 2014          ROBINSON BRADFORD

By: _____
   Matthew C. Bradford, Esq.
Attorney for Defendants

DATED:                        Law Offices of Stuart Fagan

By: _____
 Stuart E. Fagan
Attorney for Plaintiff
////

IT IS SO ORDERED.

Dated: May 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJUANA MILTON; et al<br><br>vs.<br><br>REGENCY PARK APARTMENTS,  et al<br><br>Defendants. | CASE NO. 2:13-CV-01284-KJM-CKD<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

      I, _____, declare:

      1.     I am employed as _____ by _____.

      2.     I have read the protective order entered in Milton v. Regency Park Apartments, United States District Court for the Eastern District of California, Case No. 2:13-

CV-01284-KJM-CKD and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" information with anyone other than the persons described in paragraphs 3, 11, 13 and 14 of the Protective Order, respectively.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "confidential" information in any manner contrary to the provisions of the protective order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____   _____

# PROOF OF SERVICE

I, the undersigned, certify and declare as follows: I am over the age of eighteen years and not a party to this action. My business address is ROBINSON BRADFORD LLP, 3255 W. March Lane, Suite 230, Stockton, California 95219, which is located in San Joaquin County where the mailing and/or delivery below took place.

On May 20, 2014, I served the following document(s): _____ in the above-referenced case, by placing a true copy thereof, enclosed in a sealed envelope, addressed and served as follows:

|   | |
|---|---|
|   | BY PERSONALLY DEPOSITING THE MAIL: On the date specified above, I deposited in the mail at the place specified above a copy of the document described above in a sealed envelope, with postage fully prepaid addressed to the individuals and/or to the offices of the addressee(s) below. |
| **X** | BY BUSINESS PRACTICE TO ENTRUST DEPOSIT TO OTHERS: I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified below, at my place of business at Stockton, California, a copy of the document described above was placed for deposit in the United States Postal Service mailbox in a sealed envelope, with postage fully prepaid addressed to the individuals and/or to the offices of the addressee(s) below, and that envelope was placed for collection and mailing on that date following ordinary business practice. |
|   | BY EXPRESS SERVICE CARRIER: On the date specified below, I deposited in a box or other facility regularly maintained by Federal Express, United Parcel Service or other express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a copy of the document mentioned above, in an envelope designed by the said express service carrier, with delivery fees paid or provided for addressed to the individuals and/or to the offices of the addressee(s) below. |
|   | BY PERSONAL SERVICE: On the date specified below, I caused such envelope to be delivered by hand addressed to the individuals and/or to the offices of the addressee(s) below. |
|   | BY FAX TRANSMISSION: On the date specified below, I transmitted from a facsimile transmission machine the documents described above addressed to the individuals and/or to the offices of the addressee(s) below. The above-described transmission was reported as complete without error by a transmission issued by the facsimile transmission machine upon which the said transmission was immediately following the transmission to the individuals and/or to the offices of the addressee(s) below. |

Lee H. Durst, Esq.
The Durst Firm
16027 Brookhurst Street, I-304
Fountain Valley, CA 92708

Telephone: (949) 400-5068
Facsimile : (714) 242-2096

*Attorneys for Plaintiffs, Kulvir Singh Mehroke, Bhajan Singh and Kamboj LLC*

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 20, 2014, at Stockton, California.

_____
NANCY C. AMEZCUA